IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William A. Seawright, | ) | C/A No. 0:10-950-RMG-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Michael McCall, | ) | |
| Respondent. | ) | |

William A. Seawright ("Seawright"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) Seawright filed a response in opposition. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

**BACKGROUND**

Seawright was indicted in February 2004 for murder (04-GS-42-1081) and assault and battery with intent to kill (04-GS-42-1082). (App. at 612-13, ECF No. 16-7 at 20-21; App at 642-43, ECF No. 16-8 at 3-4.) Seawright was represented by Assistant Public Defender Clay T. Allen, Esquire, and on April 12-14, 2004, was tried by a jury and found guilty as charged. (App. at 516, ECF No. 16-6 at 18.) The circuit court sentenced Seawright to forty years' imprisonment for murder and

twenty years' imprisonment for assault and battery with intent to kill, both sentences to be served concurrently. (App. at 520, ECF No. 16-6 at 22.)

Seawright filed a direct appeal and was represented by Joseph L. Savitz, III, Esquire, Acting Chief Attorney of the South Carolina Office of Appellate Defense. On September 19, 2005, Savitz filed a final brief in which he presented the following issue: "The trial judge erred by refusing to instruct the jury that the State bears the burden of disproving self-defense beyond a reasonable doubt." (App. at 582, ECF No. 16-6 at 84.) On January 20, 2006, the South Carolina Court of Appeals affirmed Seawright's convictions. (State v. Seawright, 2006-UP-045 (S.C. Ct. App. Jan. 20, 2006), ECF No. 16-7 at 18-19.)

On February 23, 2006, Seawright filed a *pro se* application for post-conviction relief ("PCR"). (See Seawright v. State of South Carolina, 06-CP-42-650; App. at 522-27, ECF No. 16-6 at 24-29.) In his application, Seawright made a general allegation of ineffective assistance of counsel. (App. at 523, ECF No. 16-6 at 25.) The State filed a return. (App. at 528-32, ECF No. 16-6 at 30-34.) On January 17, 2007, the PCR court held an evidentiary hearing at which Seawright appeared and testified and was represented by N. Douglas Brannon, Esquire. (App. at 533-67, ECF No. 16-6 at 35-69.) At the hearing, Seawright pursued four allegations of ineffective assistance of counsel: (1) failure to prepare or investigate properly, (2) failure to seek a mental evaluation, (3) failure to object to the self-defense charge, and (4) failure to move to sequester witnesses. (App. at 535-36, 542-43; ECF No. 16-6 at 37-8, 44-5.) By order filed December 12, 2007, the PCR judge denied and dismissed with prejudice Seawright's PCR application. (App. at 569-78, ECF No. 16-6 at 71-80.)

In his PCR appeal, Palmer was represented by Elizabeth A. Franklin-Best, Esquire, Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed a petition for a writ of certiorari on October 9, 2008 that presented the following issues:

1. Did the PCR judge err in finding that, while trial counsel may have been ineffective for failing to preserve the appellate record with respect to the erroneous jury instruction given by the trail court judge, that error was harmless since Seawright was not entitled to a self-defense charge in any event?

(ECF No. 16-10 at 3.)  The State filed a return.  (ECF No. 16-10 at 11-24.)  In a letter order filed March 9, 2010, the South Carolina Supreme Court denied Seawright's petition.  (ECF No. 16-10 at 25.)

## FEDERAL HABEAS ISSUE

In Seawright's federal petition for a writ of habeas corpus, he raises the following issue:

**Ground One:**  Ineffective Assistance of Counsel
  **Supporting Facts:**  Failing to preserve petitioner[']s] record with respect to the erroneous jury instruction given by the trial court judge.

(ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly



established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, No. 09-587, 2011 WL 148587, at *10 (U.S. Sup. Ct. Jan. 19, 2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 2011 WL 148587, at *11. Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at *10. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at *9 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is it is possible that fairminded jurists could disagree that those arguments or theories are



inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at *11. "If this standard is difficult to meet, that is because it was meant to be." Id. at *12. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Seawright's Claim of Ineffective Assistance of Counsel**

Here Seawright contends that his trial counsel was ineffective in violation of the Sixth Amendment because he failed to object to the trial court's jury instruction regarding self-defense. A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the



likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 2011 WL 148587, at *13. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. ___, ___, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

In the case at bar, although the Supreme Court has held that a decision containing a reasoned explanation is not required by the state court, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the PCR

court properly applied the Strickland test in determining that no Sixth Amendment violation occurred.

The PCR court found that trial counsel erred in failing "to object to the faulty self-defense charge." (See App. at 574, ECF No. 16-6 at 76.) Under South Carolina law, when the issue of self-defense is properly submitted to a jury, a defendant is entitled to an instruction, upon request, that the State has the burden of disproving self-defense beyond a reasonable doubt. See State v. Addison, 540 S.E.2d 449 (S.C. 2000); State v. Wiggins, 500 S.E.2d 489 (S.C. 1998). The parties appear to agree that the trial court charged the jury pursuant to former state law regarding instructions on the issue of self-defense and failed to instruct the jury specifically that the State had the burden to disprove self-defense beyond a reasonable doubt. (App. at 504-09, ECF No. 16-6 at 6-11.)

Even if trial counsel's failure to object to the trial court's self-defense charge fell below the objective standard of reasonableness guaranteed by the Sixth Amendment, the PCR court correctly found that any error by trial counsel in this regard was harmless. See Strickland, 466 U.S. at 697 (finding that a court need not resolve the first prong of the test before proceeding to the prejudice prong if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice). The court finds that the PCR court did not unreasonably misapply the second, "prejudice" prong of the Strickland test, as Seawright cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The PCR determined that Seawright suffered no prejudice from trial counsel's failure to object because the evidence presented at trial "could not reasonably have supported a finding of self-defense." (App. at 574, ECF No. 16-6 at 76.) South Carolina law requires four elements to establish



self-defense: (1) the defendant must be without fault in bringing the difficulty; (2) the defendant must have actually believed he was in, or must have actually been in, imminent danger of losing life or sustaining serious bodily injury; (3) if the defense is based on the defendant's belief of danger, the evidence must show that a reasonably prudent person of ordinary firmness and courage would have entertained the same belief, or, if in actual danger, the circumstances would warrant a person of ordinary prudence, firmness, and courage to strike a fatal blow to save himself from serious injury or death; and (4) the defendant had not other probable means of avoiding the danger. State v. Davis, 317 S.E.2d 452, 453 (S.C. 1984). All four elements must be present to establish self-defense. State v. Slater, 644 S.E.2d 50, 53 (S.C. 2007).

      As the PCR court observed, the evidence at trial showed that Seawright shot an unarmed victim. Three independent individuals witnessed Seawright stand over the victim's body and continue to shoot him repeatedly. No witness at trial, including Seawright and the witnesses he presented, saw the victim with a gun. Nor was there any testimony that the victim threatened to shoot Seawright or any of his friends. No gun was found on the victim or in the surrounding area, and the test for gunshot residue on the victim proved negative. The evidence showed that the shooting did not begin until Seawright stopped walking, turned, and shot the murder victim. (App. at 109, 110, ECF No. 16-2 at 11, 12.) Moreover, the evidence showed that Seawright chased a second victim, who was shot but not killed, into a nearby neighborhood where witnesses observed him shoot the assault victim as he was trying to get away from Seawright. No evidence suggested that this victim possessed a gun, even though a search of the area was conducted with a metal detector and a K-9 unit. (See App. at 88, 94, 160-61, 361, 225-26, 290, 117-18, 197, 204, 214, 127, 224, ECF No. 16-1 at 90, 96, ECF No. 16-2 at 19-20, 29, 62-63, ECF No. 16-3 at 6, 16, 26, 27-28,



92, & ECF No. 16-4 at 63.)  At the PCR hearing, trial counsel essentially testified that establishing self-defense was difficult because the police found no weapons to indicate that either victim was armed.  (App. at 558-59, ECF No. 16-6 at 69-70.).  The PCR court judged trial counsel's testimony to be credible and Seawright's to be incredible.

Based on this, the court cannot say that the PCR court's decision that the State disproved all four elements of self-defense beyond a reasonable doubt "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The PCR court did not unreasonably misapply Strickland in finding no prejudice.  See Vannatter v. Bazzle, C/A No. 6:07-1267-JFA-WMC, 2008 WL 596522, at *9-10 (D.S.C. Mar. 3, 2008) (unpublished) (finding that the state court reasonably applied Strickland in finding no prejudice from trial counsel's failure to object to a charge that did not include the specific instruction that the State had the burden to disprove self-defense beyond a reasonable doubt where there was overwhelming evidence that self-defense was not a viable defense); Pryor v. Weedon, C/A No. 3:06-2461-RBH, 2007 WL 2156693, at *5-6 (D.S.C. July 26, 2007) (unpublished) (finding no Strickland prejudice from the absence of a Wiggins charge where trial counsel acknowledged at the PCR hearing that there were "problems" with relying on self-defense).

Moreover, the court observes that the requirement regarding the jury instruction at issue is compelled by South Carolina state law, not the federal constitution.  The United States Supreme Court has held that placing the burden of establishing self-defense on a criminal defendant does not offend the Due Process Clause.  Martin v. Ohio, 480 U.S. 228, 236 (1987) (noting in 1987 that Ohio and South Carolina were the only two states remaining that still required a defendant to prove self-defense and finding that this requirement did not violate the United States Constitution).  Thus,

South Carolina's updated requirements to place the burden on the State to disprove self-defense and include specific wording in a self-defense jury instruction "goes further than what is minimally required by the federal constitution."¹ See Gallishaw v. South Carolina, C/A No. 0:05-2949-CMC-BM, 2006 WL 2475347, at * 10 (D.S.C. Aug. 24, 2006) (unpublished). Here, counsel's error did not result in an instruction that was constitutionally defective.² See Martin, 480 U.S. at 236. Seawright is not entitled to federal habeas relief based on trial counsel's failure to object to an instruction that was faulty based solely on state law. See Swarthout v. Cooke, No. 10-333, 2011 WL 197627 (U.S. Sup. Ct. Jan. 24, 2011) (reiterating that federal habeas corpus relief does not lie for errors of state law) (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)); see also Brown v. Collins, 937 F.2d 175, 182 (5th Cir. 1991) ("We are called upon to issue the writ of habeas corpus when the Constitution is in issue, not every time a state court holds contrary to our opinion of what its law prescribes.").

---

¹ As the respondent explains, South Carolina's requirement in this regard is designed to ensure that the jury does not proceed on the outdated theory that self-defense is an affirmative defense that must be proven by the defendant beyond a reasonable doubt, which was formerly the law in South Carolina. See McKnight v. State, 661 S.E.2d 354, 362-63 (S.C. 2008); see also Martin v. Ohio, 480 U.S. 228 (1987).

² As such, the court would be hard pressed to find that Seawright could satisfy even the first prong of Strickland, despite counsel's error in failing to object to the trial court's outdated jury charge. See Harrington, 2011 WL 148587, at *17 ("Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial.") (quoting Strickland, 466 U.S. at 686). This provides an additional argument or theory that could have supported the South Carolina Supreme Court's decision to deny certiorari. See id. at *11.



**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 15) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 27, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).