IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William A. Seawright, | ) | Civil Action No. 0:10-cv-950-RMG-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 22). Petitioner has filed objections to the R&R. (Dkt. No. 29). As explained herein, after having conducted a *de novo* review of this matter, the Court agrees with the Report and Recommendation and grants Respondent's motion for summary judgment.

**LAW/ANALYSIS**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or

1

recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Here, a *de novo* review of the Record reflects that Petitioner cannot demonstrate that he was prejudiced by counsel's failure to object to the trial court's jury instruction regarding self-defense. While counsel may have been deficient for failing to object to the trial court's faulty charge regarding the law on self-defense, the error was harmless. Thus, Petitioner cannot demonstrate that he was prejudice (that the outcome would be different) had counsel objected to the charge. *See Strickland v. Washington*, 466 U.S. 668, 687 (1994). Further, the PCR record from the state court proceedings show that the South Carolina court properly applied the two prong test in *Strickland*.

Based on the above authority, the Court finds agrees with the Magistrate Judge's Report and Recommendation. Thus, this adopts the R&R and the Order of this Court.

## CONCLUSION

As outlined above and as recommended by the Magistrate Judge, Respondent's motion for summary judgment is **GRANTED**.

### Certificate of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 22, 2011
Charleston, South Carolina